UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JESUS CRESPO,                   )<br>           Plaintiff,                  )<br>                                            )<br>           v.                                )<br>                                            )<br>NATIONAL RAILROAD PASSENGER )<br>CORPORATION d/b/a AMTRAK and )<br>JOHN DOE-TRAIN OPERATOR,     )<br>           Defendants.              )  | CAUSE NO.: 2:19-CV-275-JTM-JEM |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Jesus Crespo's Motion to Compel Discovery from National Railroad Passenger Corporation [DE 43], filed on January 29, 2021. Plaintiff asks the Court to compel Defendant National Railroad Passenger Corporation d/b/a Amtrak to produce a number of documents. Amtrak filed a response on February 25, 2021, and Plaintiff filed a reply on March 5, 2021.

**I.     Background**

On February 8, 2019, Plaintiff filed a Complaint for damages that stemmed from a collision on February 8, 2017, between an Amtrak train and a semi-tractor trailer being driven across train tracks by Plaintiff. Plaintiff's Complaint includes claims of negligence against Amtrak for failure to maintain the crossing gates, signals, or provide other warnings. Plaintiff also alleges that Defendant Jane Doe Train Operator, now identified by Amtrak as Marcia Sherman, was negligent in exceeding speed limits and failing to operate the train in a safe manner and lawfully. On March 8, 2019, Defendant Amtrak filed an answer and the affirmative defenses that (1) Plaintiff's negligence claims are pre-empted by federal law; (2) Plaintiff was contributorily negligent; and (3) the non-party defense that Plaintiff failed to name Norfolk Southern Railway, the owner of the

1

tracks, crossing gates, and signals where the collision occurred, as a party.

**II.     Analysis**

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding discovery matters. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

Plaintiff requests that the Court compel Amtrak to produce contracts and written agreements between Amtrak and Norfolk Southern, including any indemnity agreements or contracts and written agreements pertaining to the operation and maintenance of the railroad crossing in question, internal incident reports concerning prior collisions at the railroad crossing, other documents concerning the operation of the railroad crossing, and medical records and drug testing records of Amtrak personnel that were working on the train when it collided with Plaintiff's vehicle. Plaintiff argues that Amtrak asserted "boilerplate" objections even though Plaintiff requested documents that are relevant to Plaintiff's negligence claim and to Amtrak's affirmative defense that Norfolk Southern, not Amtrak, owns the railroad crossing where the collision took

2

place.

### A. Amtrak's Boilerplate Objections

Plaintiff argues that Amtrak's responses to Plaintiff's Requests for Production Numbers 4, 5, and 7, and Interrogatory Number 4 are "boilerplate objections." For each of those requests, Amtrak's response only states, "It is not relevant to the subject matter of this case, and is not reasonably calculated to lead to the discovery of admissible evidence." This objection to the relevance of Plaintiff's request is the type of general objection that courts have routinely rejected. *See, e.g., Avante International Technology, Inc. v. Hart Intercivic, Inc.*, 2008 WL 2074093 at *2 (S.D. Ill. 2008) ("Making general objections is a dangerous practice, as the party who offers such general objections runs the risk of having them summarily denied."). Objections to a discovery request that "recite boilerplate language without explanation do not meet [an objecting party's] burden, and courts within the Seventh Circuit consistently overrule them or entirely disregard such objections." *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, at *9 (N.D. Ill. 2006) (overruling boilerplate objections made generally and without elaboration). The burden an objecting party carries cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is *neither relevant nor reasonably calculated to lead to the discovery of admissible evidence*." *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (quoting *Burkybile*, 2006 WL 2325506, at *6) (emphasis added). Amtrak's general objections are insufficient. However, for the sake of completeness, the Court will also analyze Amtrak's arguments as presented in its response brief.

### B. Request for Indemnification Agreements

In Request for Production Number 4, Plaintiff requested that Amtrak produce any and all

3

contracts and written agreements between Amtrak and Norfolk Southern, including indemnification agreements pertaining to the operation and maintenance of the railroad crossing where the collision occurred. Plaintiff argues that these documents are relevant to Amtrak's affirmative defense that "Plaintiff has failed to name the owner of the tracks, crossing gates and/or signals, the Norfolk Southern Railway." Plaintiff also contends that at the parties' Rule 26(f) planning meeting, the parties agreed that any indemnity agreements between Norfolk Southern and Amtrak are discoverable. Amtrak argues that there is no indemnity agreement that "applies to the facts of this case." It states that "Amtrak is not an indemnitee" and that "there is no indemnity provision from Amtrak to [Norfolk Southern], because [Norfolk Southern] is not a party to this litigation, and there is no claim presented against [Norfolk Southern]."

Although Amtrak argues that there is not an indemnity agreement that *applies to the facts of this case*, Amtrak has asserted a nonparty defense against Norfolk Southern, so *any* indemnity agreement between Amtrak and Norfolk Southern is discoverable. "Even when information is not directly related to the claims or defenses identified in the pleadings, the information may still be relevant to the broader subject matter at hand and meet the rule's good cause standard." *St. Paul Fire & Marine Ins. Co. v. Schilli Transp. Services, Inc.*, 2:08 CV 176, 2010 WL 2629485, at *2 (N.D. Ind. June 28, 2010) (citing *Borom v. Town of Merrillville*, 2009 WL 1617085, at *1 (N.D. Ind. June 8, 2009)). Moreover, to the extent that Amtrak is arguing that the indemnity agreement does not apply to the facts of this case because "there is no claim presented against [Norfolk Southern]," this is an argument in support of Amtrak's nonparty affirmative defense rather than an argument as to why Plaintiff's discovery request is irrelevant. *See St. Paul Fire*, 2010 WL 2629485, at *3 ("[The defendant] may not avoid its participation in the discovery process merely by asserting its defense to the underlying claim."). Amtrak's barebones assertion that the indemnity

4

agreement is irrelevant does not negate its agreement with Plaintiff, codified in the parties' planning report, that discovery would be needed on any indemnity agreement between Amtrak and Norfolk Southern. Accordingly, Amtrak must produce any indemnity agreement between Amtrak and Norfolk Southern.

      **C.**      **Request for Operation or Maintenance Agreements**

In the remaining portion of Request for Production Number 4, Plaintiff sought documents between Amtrak and Norfolk Southern regarding the operation or maintenance of the railroad crossing. Plaintiff argues that Amtrak is engaging in a type of tactical gamesmanship because it initially asserted only a boilerplate objection in its responses to Plaintiff's requests for production and is only now, in its response to Plaintiff's Motion, stating that no relevant documents exist.

As Plaintiff argues, Amtrak's initial response did not state whether or not the requested documents exist. Amtrak now asserts that there is no contract or written agreement between Amtrak and Norfolk Southern regarding operation or maintenance of the railroad crossing where the collision occurred, and that Amtrak has already produced almost 200 documents regarding the inspection of signal equipment involved in this collision. Because Amtrak has given different responses, including both an objection and an assertion that the documents do not exist, the Court "cannot determine whether [Amtrak] is withholding documents based on [that] objection or not." *Beverly v. Depuy Orthopedics, Inc*., 3:07-CV-137 AS, 2008 WL 45357, at *3 (N.D. Ind. Jan. 2, 2008) (granting a motion to compel where the party objected to a request for production, but failed to state whether it was withholding documents).

To the extent that Amtrak is implying that further production in response to Plaintiff's request would be unduly burdensome because it has already provided Plaintiff with almost 200 pages of documents, this argument is insufficient. *Design Basics, LLC v. Kerstiens Homes &*

5

*Designs Inc.*, 1:16-CV-0726-TWP-DKL, 2017 WL 10776719, at *3 (S.D. Ind. Mar. 29, 2017) ("[the defendants] have not presented any evidence or specific argument to establish undue burden"); *see, e.g., Design Basics, LLC v. Best Built Inc.*, No. 14-CV-597, 2016 WL 1060253, at *3 (E.D. Wis. Mar. 15, 2016) (noting it is the responding party's burden to explain how a discovery request is burdensome); *Design Basics, LLC v. Campbellsport Bldg. Supply, Inc.*, No. 13-C-0560, 2014 WL 691579, at *3 (E.D. Wis. Feb. 20, 2014) (conclusory and unsubstantiated claims that a discovery request was burdensome was insufficient to defeat a motion to compel). Accordingly, Amtrak has failed to meet its burden of showing why Plaintiff's requests are irrelevant or improper. Amtrak must produce documents responsive to Request for Production Number 4, including any and all contracts and written agreements between Amtrak and Norfolk Southern and agreements pertaining to the operation and maintenance of the railroad crossing where the collision occurred.

    **D.**    **Request for Internal Accident Reports**

Plaintiff's Interrogatory Number 4 inquired about prior collisions involving Amtrak trains at the railroad crossing in question and, if there were any collisions, requested that Amtrak produce documents about them, including internal accident reports. Amtrak argues that it produced accident incident reports for 11 collisions that occurred over 40 years at the crossing in question, as required by the Federal Railroad Administration but, as Plaintiff argues, Amtrak did not produce the requested internal incident reports. Amtrak argues that internal incident reports are irrelevant because those accidents involved trains going east and west and motor vehicles going north and south. Even assuming *arguendo* that the direction of travel was different for the incidents reported and the incident at issue, Amtrak does not explain why the direction of trains and vehicles makes these reports irrelevant to the instant case. *See Perez v. Illinois*, 488 F.3d 773, 776-77 (7th Cir. 2007) ("[P]erfunctory and underdeveloped arguments are deemed waived."). Amtrak also

reiterates that the collision occurred on tracks that were owned and maintained by Norfolk Southern with gates and flashers owned and maintained by Norfolk Southern, and argues that documents provided to Plaintiff showed that the train horn was activated with Federal Law and the speed prior to the application was below the authorized speed, arguments that address its defense in the overall case, but which do not support Amtrak's relevancy objection and are inappropriate in response to a motion to compel. *Meyer v. S. Pac. Lines*, 199 F.R.D. 610, 614–15 (N.D. Ill. 2001) ("But, the present Motions before the court concern discovery disputes. In its refusal to answer Plaintiff's discovery, Amtrak, essentially, puts the cart before the horse. In fact, even if Amtrak's arguments . . . were accurate . . . this would not relieve Amtrak of its duty to answer and respond to discovery."). Amtrak does not explain why the information it has already produced adequately responds to the request or whether further production would be duplicitous or unduly burdensome. Amtrak must produce documents responsive to Interrogatory Number 4, including any and all internal incident reports from prior collisions involving Amtrak trains at the railroad crossing in question.

### E.    Request for Employee Medical Records

In Request for Production Number 5, Plaintiff requested that Amtrak produce medical records and drug testing results for Marcia Sherman and other employees of Amtrak who were working on the train the day of the collision. Plaintiff argues that these records could provide evidence of negligence in Amtrak's hiring and retention of operators. Amtrak argues that there were no drug tests for any of Amtrak's personnel and that it has privacy concerns about providing medical information. In particular, Amtrak argues that the medical records of Marcia Sherman are privileged and that the medical records of other members of the crew are not relevant to the case and not calculated to lead to the discovery of admissible evidence.

The Court first notes that Amtrak only objected to Plaintiff's request on the grounds of relevance and that its response to the instant Motion is the first time that Amtrak objects to Plaintiff's request on the grounds that it would be a privacy violation. *In re Caesars Entm't Operating Co., Inc.*, 15 B 1145, 2018 WL 2431636, at *4 (Bankr. N.D. Ill. May 29, 2018) (citing *Holcombe v. Helena Chem. Co.*, No. 2:15–cv–2852–PMD, 2017 WL 713920, at *3 (D.S.C. Feb. 23, 2017) (finding a party's relevance objection waived when argued in opposition to a motion to compel but not asserted in the party's response to the document request)). Although Amtrak failed to object on any ground other than relevancy, HIPPA and privacy concerns are considerations in determining whether to compel medical records in the absence of a protective order. *See* 45 C.F.R. § 164.512; *see also, e.g., Pain Ctr. of SE Ind, LLC v. Origin Healthcare Sols. LLC*, 113CV00133RLYDKL, 2016 WL 126412, at *3 (S.D. Ind. Jan. 11, 2016); *Dekeyser v. ThyssenKrupp Waupaca, Inc.*, 08-C-488, 2011 WL 13077071, at *2 (E.D. Wis. Apr. 13, 2011); *Mudgett v. Centegra Health Sys.*, 04 C 6212, 2006 WL 8461407, at *2 (N.D. Ill. Mar. 23, 2006). Amtrak has not shown that the records are irrelevant and therefore must produce them, but the Court notes that there does not appear to be a protective order in place that would govern their production. Accordingly, the parties must jointly file a protective order that addresses the privacy concerns in producing employee medical records. Once a protective order is entered, Amtrak must produce documents in response to Request for Production Number 5, including medical records and drug testing results for Marcia Sherman and other employees of Amtrak who were working on the train on the day of the collision.

### F. Request for Operation Documents

In Request for Production Number 7, Plaintiff requested documentation concerning the operation of the railroad crossing where the collision occurred, including all reports concerning

prior collisions and all regulatory filings. Amtrak responded cursorily, "this is not Amtrak's crossing," and also argues that it has already provided almost 200 pages of documents regarding Norfolk Southern's signal inspection and maintenance records of flashers and gates at the crossing, train orders, time tables, and event recorder printouts.

Although Amtrak initially objected to the request on the basis of relevancy, it makes no mention of relevancy in its response to the instant Motion, and the fact that it has produced some documentation pertaining to the crossing seems to run counter to its objection that documents concerning the operation of the railroad crossing are irrelevant. As discussed above, it is Amtrak's duty to support its objection to the requested documentation. Amtrak's response does not satisfy its obligations under Federal Rule of Civil Procedure 37. Accordingly, Amtrak must produce documents responsive to Request for Production Number 7, including any and all documentation concerning the operation of the railroad crossing where the collision occurred, including all reports concerning prior collisions and all regulatory filings.

### III.     Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff Jesus Crespo's Motion to Compel Discovery from National Railroad Passenger Corporation [DE 43]. The Court **ORDERS** Defendant National Railroad Passenger Corporation d/b/a Amtrak to respond to Plaintiff's Request for Production Numbers 4 and 7 and Interrogatory Number 4 in accordance with this Order by **April 21, 2021**. The Court **ORDERS** the parties to confer and jointly file a motion for protective order by **April 21, 2021,** that addresses medical records as directed above, with Amtrak to respond to Request for Production Number 5 as soon as the protective order is in place.

Because the Motion to Compel is granted, the Court "must, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ P. 37(a)(5)(A).

Accordingly, the Court **ORDERS** Plaintiff to **FILE**, on or before **April 21, 2021**, an itemization of his costs and fees, including attorney's fees, incurred in the Motion to Compel along with argument as to why those expenses are reasonable in this situation, with Amtrak to **FILE** a response to the request for expenses and any argument as to the reasonableness of the fees or why payment of fees is unjust, along with any requests for payments of its own costs and fees, on or before **May 5, 2021**, and Plaintiff to reply on or before **May 12, 2021**.

In light of the ruling on the instant Motion, the Court **DENIES** National Railroad Passenger Corporation's d/b/a "Amtrak" Motion to Set a Hearing on Plaintiff's Motion to Compel [DE 48] and Plaintiff Jesus Crespo's Motion to Compel Discovery from National Railroad Passenger Corporation [DE 41] and **DENIES as moot** Plaintiff Jesus Crespo's Motion to Compel Discovery from National Railroad Passenger Corporation [DE 42].

SO ORDERED this 7th day of April, 2021.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record